Filed 10/3/13  P. v. Foley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065508 |
| v. | (Super. Ct. No. F11902428) |
| JAMES MICHAEL FOLEY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Brant K. Bramer, Commissioner.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Levy, J. and Franson, J.

**INTRODUCTION**

On June 21, 2011, appellant, James Michael Foley, waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 and pled no contest to one count of possession of illegal substances in a jail facility (Pen. Code, § 4573.6).[1]  Appellant also admitted a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i) & 1170.12) and multiple prior prison term enhancements (§ 667.5, subd. (b)).

On July 22, 2011, the trial court struck the prior serious felony conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  The court struck the prior prison term enhancements and imposed a sentence of three years for possession of illegal substances in a jail facility.  The court ordered appellant's sentence to be served concurrently with his sentence for a conviction in an unrelated case.  The court granted appellant 54 days of custody credits for time served in jail and conduct credits of 26 days for total custody credits of 80 days.  The court imposed a $200 restitution fine.

On June 4, 2012, appellant filed a motion in the trial court requesting a recalculation of his presentence custody credits seeking additional conduct credits.  The trial court denied appellant's motion on June 27, 2012.  Appellant appealed the trial court's denial of his motion.  Appellate counsel has filed a brief for independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes

---

[1]     All statutory references are to the Penal Code.

2

the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on October 29, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.